UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MACULEE J. DUBIC, IMMACULA CASTOR
SAMON, MENCY DUBIC, SCHERLY CASTOR,

                Plaintiffs,

-against-

NORBERT OF 609 CENTERWOOD WEST BABYLON
NY 11704,

                Defendant.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
24-CV-4987 (JMA) (AYS)

**FILED
CLERK**

10/8/2024 2:51 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

       The Complaint filed on June 28, 2024, asserts a claim under 42 U.S.C. § 1983 ("Section 1983") on behalf of Plaintiffs Maculee J. Dubic ("Maculee"), Immacula Castor Samon ("Samon"), Mency Dubic ("Mency"), and Scherly Castor ("Castor"). (ECF No. 1.) The Complaint was accompanied by an application to proceed *in forma pauperis* ("IFP") and supplemented with additional IFP applications. (ECF Nos. 2, 5-8, 10-13.) As explained below, Maculee's application to proceed IFP is GRANTED; any claims asserted on behalf of Samon, Mency, and Castor are DISMISSED WITHOUT PREJUDICE due to their failure to sign the Complaint; the IFP applications those Plaintiffs filed are thus DENIED AS MOOT; the claims asserted on behalf of Maculee are DISMISSED WITHOUT PREJUDICE for the reasons discussed below; and Maculee is granted leave to file an amended complaint by **November 8, 2024**.

I.   **BACKGROUND**

A.   **Facts**

The Complaint alleges, in its entirety,[1] that:

> My daughter and mother were at our rented home located in 609 Centerwood West Babylon NY 11704 when the house started to flood again the house had been like that for weeks. My daughter went to Norbit and expressed her concerns his reply was "you can all die for all I care." Moments later my mother was in the room and got hit with electric shock her blood pressure elevated she was than hospitalized, in the process the fire department and police called the town of Babylon and code department and the house was shut down. Fast forward two months we came to the house to collect our stuff it was all gone. The town has no idea where our stuff. All the government officials I spoke to claimed it was a force eviction. As for witness there was a taxi driver that saw everything, including all the government officials involved.

(ECF No. 1 ¶ III.C.)  In the space that calls for a description of any injuries suffered as a result of the events alleged, Maculee wrote: "My mother was hospitalized at Good Samater hospital because she suffered from electric shock due to landlords neglections."  (Id. ¶ IV.)  For relief, Maculee requests a damages award in the sum of $50,000 on behalf of himself, Castor, and Samon

> due to the fact that we lost everything we have ever owned in our lifetime including a car, important paperwork, china, clothes, furniture, jewlery, and most importantly our photos, my daughters cap and gown from graduation. Memories that can not be made again.

(Id. ¶ V.)

B.   **Procedural History**

The Complaint is submitted on the Court's Section 1983 complaint form, asserts violations of Fifth and Eighth Amendment Rights, and names "Norbert of 609 Centerwood West Babylon NY 11704" ("Norbert") as the sole defendant.  (Id. at 1-2.)  The Complaint includes four plaintiffs,

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Memorandum & Order.  See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true). Excerpts from the Complaint have been reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

Maculee, Samon, Mency, and Castor, yet it was signed only by Maculee. (See id.) The Complaint was filed together with an IFP application signed only Maculee. (ECF No. 2.)

By Notice of Deficiency dated July 18, 2024, Samon, Mency, and Castor were apprised that "[e]ach plaintiff named in the caption must sign the complaint and each plaintiff must complete a separate IFP application" and were cautioned that a failure to sign the Complaint and file IFP applications within 14 days may result in the dismissal of their claims. (ECF No. 4.) On August 9, 2024, Maculee, Samon, Mency, and Castor each filed an IFP application but they did not file a signed copy of the Complaint. (ECF Nos. 5-8.)

By Electronic Order dated August 27, 2024, the Court noted that none of the plaintiffs other than Maculee have signed the Complaint and ordered that "Plaintiffs SHALL file by **9/10/2024** one copy of the Complaint signed by all Plaintiffs. Any Plaintiffs whose signatures are absent from the Complaint after the 9/10/2024 deadline and any claims on their behalf will be dismissed. See Fed. R. Civ. P. 11(a)." (Aug. 27, 2024, Electr. Order.)

On September 9, 2024, each plaintiff filed another IFP application (ECF Nos. 10-13) but they did not file a Complaint signed by each plaintiff.

## II.   LEGAL STANDARDS

**A.   Leave to Proceed IFP**

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dep't of Educ., 10-CV-3812, 2010 WL

3

3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hosps. Corp., 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)).

**B.     Dismissal Under the IFP Statute**

The IFP statute requires a court to dismiss an action upon determination that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**C.     Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); see Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). "To state a claim under § 1983, a plaintiff must allege two elements: (1) 'the violation of a right secured by the Constitution and laws of the United States,' and (2) 'the alleged deprivation was committed by a person acting under color of state law.'" Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87-88 (2d Cir. 2015) (quoting Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004)); see Buon v. Spindler, 65 F.4th 64, 78 (2d Cir. 2023); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he

under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks and citation omitted)).

### D.     **Plaintiffs' *Pro Se* Status**

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); see also FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

5

### III. DISCUSSION

#### A. <u>Maculee's IFP Application is Granted</u>

Upon review of Maculee's application to proceed IFP, the Court finds that Maculee is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Maculee's application to proceed IFP (ECF No. 2) is granted.[2]

#### B. <u>Samon, Mency, and Castor are Dismissed</u>

Samon, Mency, and Castor have not signed the Complaint despite the Court's repeated instructions to do so. (<u>See</u> Not. Def., ECF No. 4; Aug. 27, 2024, Electr. Order.) Maculee is the only signatory to the Complaint but a <u>pro se</u> litigant may not represent others. <u>E.g.</u>, <u>Guest v. Hansen</u>, 603 F.3d 15, 20 (2d Cir. 2010). Consequently, any claims on behalf of Samon, Mency, and Castor that may by liberally construed from the Complaint are DISMISSED without prejudice. <u>See</u> Fed. R. Civ. P. 11(a). As a result, the IFP applications filed by Samon, Mency, and Castor (ECF Nos. 5-7, 10-12) are DENIED AS MOOT.

#### C. <u>Maculee's Section 1983 Claim is Dismissed in the Absence of State Action</u>

The sole defendant in this case, Norbert, is alleged to be the landlord of the subject premises. (Compl. ECF No. 1 at ¶ III.C.) Wholly absent are any allegations suggesting that Norbert is a state actor or that he acted under color of state law. Indeed, the only allegations against him is that, in response to a complaint made by Maculee's daughter about flooding at the premises, Norbert allegedly said: "You can all die for all I care." (<u>Id.</u>)

It is well-established that Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted); <u>see also</u> <u>Ciambriello v. Cnty. of Nassau</u>,

---

[2] Maculee's duplicate IFP application at ECF Nos. 8 and 13 are DENIED AS MOOT.

292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Private actors, may, however, act under the color of state law for purposes of Section 1983 if they were a "willful participant in joint activity with the State or its agents." Ciambriello, 292 F.3d at 324 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Id. at 323-24. "To establish joint action, a plaintiff must show that the private citizen and the state official shared a common unlawful goal; the true state actor and the jointly acting private party must agree to deprive the plaintiff of rights guaranteed by federal law." Anilao v. Spota, 774 F. Supp. 2d 457, 498 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). Alternatively, to show that there was a conspiracy between a private actor and the state or its agents, a plaintiff must show "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act in furtherance of that goal causing damages." Ciambriello, 292 F.3d at 324-25.

Here, Maculee includes no factual allegations from which the Court could reasonably construe state action by Norbert through joint action or a conspiracy with a state actor to deprive Plaintiff of his constitutional rights. Thus, Maculee has not plausibly alleged that Norbert is a state actor. Accordingly, Maculee's Section 1983 claim is dismissed under 28 U.S.C. § 1915(e)(2)(B).

**D.**     **State Law Claims**

This Court may exercise supplemental jurisdiction over claims "that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the Court "may decline to exercise supplemental jurisdiction over a claim" once it "has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3). The Supreme Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of

7

factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).  Given the absence of a plausible federal claim here, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the Complaint.  Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in the Complaint.

### E. Leave to Amend

"[A] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Dolan v. Connolly, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotation marks and brackets omitted). At the same time, a district court may deny a *pro se* plaintiff leave to amend when amendment would be futile. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

The Court has carefully considered whether Maculee should be granted leave to further amend his complaint.  In an abundance of caution, the Court grants Maculee leave to file an amended complaint that alleges a proper claim against a proper defendant.  Any amended complaint must (1) be clearly labeled "Amended Complaint," (2) bear the docket number for this case, 24-CV-4987(JMA)(AYS), and (3) be filed by November 8, 2024.  Maculee is cautioned that an amended complaint completely replaces, rather than supplements, the original complaint.  E.g. Dluhos v. Floating & Abandoned Vessel, 162 F.3d 63, 68 (2d Cir. 1998).  Accordingly, all claims and factual support for such claims must be included in the amended complaint.  Absent Maculee's timely filing of an amended complaint, judgement shall enter without further notice and this case will be closed.  Alternatively, Maculee may pursue any valid claims he may have against any defendant in state court.

## IV.     CONCLUSION

For the forgoing reasons, Maculee's application at ECF No. 2 to proceed IFP is GRANTED; Maculee's duplicate IFP applications at ECF Nos. 8 and 13 are DENIED AS MOOT; the Complaint at ECF No. 1 is DISMISSED WITHOUT PREJUDUICE; and the IFP applications filed by Samon, Mency, and Castor at ECF Nos. 5-7, 10-12 are DENIED AS MOOT.

The Court grants Maculee leave to file an amended complaint that complies with the directives set forth above in Section III.E.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiffs at their address of record in an enveloped marked "Legal Mail" and note such mailing on the docket.

**SO ORDERED.**

Dated:   October 8, 2024
          Central Islip, New York

      /s/ JMA
Joan M. Azrack
United States District Judge