UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MACULEE JOSEPHE DUBIC, IMMACULA
SANNON CASTOR, SCHERLY CASTOR, MENCY
BAUDOLAIRO DUBIC,

                    Plaintiffs,

    -against-

JEAN NORBERT OF 609 CENTERWOOD STREET
WEST BABYLON N.Y 11704,

                    Defendant.
------------------------------------------------------------------X

**FILED**
**CLERK**
1/28/2025 10:31 am
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM & ORDER**
24-CV-4987 (JMA)(AYS)

**AZRACK, United States District Judge:**

    Before the Court are the applications to proceed in forma pauperis ("IFP") filed by Immacula Sannon Castor ("Immacula"), Scherly Castor ("Scherly"), and Mency Baudolairo Dubic ("Mency") (collectively with Maculee J. Dubic ("Maculee"), "Plaintiffs") in relation to their Amended Complaint filed on December 2, 2024.[1] (Am. Compl., ECF No. 17; IFP Apps., ECF Nos. 18-20.)   Upon review of these applications to proceed IFP, the Court finds that each respective Plaintiff's financial status qualifies him or her to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1).   Accordingly, Plaintiffs' applications to proceed IFP (ECF Nos. 18-20) are granted.   However, for the following reasons, the Amended Complaint is sua sponte dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

# I.   BACKGROUND

## A. Procedural History

    The pro se Complaint was filed using the Court's form for civil rights actions brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and named Jean Norbert ("Norbert" or

---

[1] Notably, by Memorandum and Order dated October 8, 2024, the Court granted Maculee's IFP application (ECF No. 2) and denied his duplicate IFP motions (ECF Nos. 8 & 13) as moot. (See Mem. & Order, ECF No. 15.)

"Defendant") as the sole Defendant. Norbert was alleged to be the landlord of 609 Centerwood Street, West Babylon NY (the "subject premises") and the Complaint challenged, inter alia, Norbert's response to a notification that there had been flooding at the subject premises. (ECF No. 1, ¶ III.C.)

By Memorandum and Order dated October 8, 2024, the Court granted the IFP application filed by Maculee and dismissed any claims asserted in the Complaint on behalf of Immacula, Mency, and Scherly without prejudice because they did not sign the Complaint despite ample opportunity to do so.  (See ECF No. 15 at 3, 6.)   The Court also dismissed the claims asserted on behalf of Maculee without prejudice and with leave to file an Amended Complaint in accordance with the guidance set forth in that Memorandum and Order. (Id. at 6-7.)   There, the Court explained:

> Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); see Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). "To state a claim under § 1983, a plaintiff must allege two elements: (1) 'the violation of a right secured by the Constitution and laws of the United States,' and (2) 'the alleged deprivation was committed by a person acting under color of state law.'" Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87-88 (2d Cir. 2015) (quoting Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004)).

Id. at 4 (add'l citation omitted).   Because Jean Norbert ("Norbert" or "Defendant") was the sole defendant named in the Complaint, and was "alleged to be the landlord of the subject premises," the Court dismissed Maculee's Section 1983 claim against Norbert because Maculee had not included any "factual allegations from which the Court could reasonably construe state action by Norbert through joint action or a conspiracy with a state actor to deprive [Maculee] of his constitutional rights. Thus, Maculee has not plausibly alleged that Norbert is a state actor."   (Id.

2

at 6-7, citing ECF No. 1 at ¶ III.C.)   Moreover, despite Maculee's pro se status and the Court's responsibility to "read a plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests" (Id. at 5, citing United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (add'l citation omitted), the Court's generous read still could not reasonably construe a plausible federal claim from the Complaint.   (Id. at 7-8.)   The Court then declined to exercise supplemental jurisdiction over any potential state law claim contained in the Complaint.   (Id.)   However, in an abundance of caution, the Court granted "Maculee leave to file an amended complaint that alleges a proper claim against a proper defendant."   (Id. at 8.)   On December 2, 2024, Plaintiffs filed an Amended Complaint signed by all four individuals.   (ECF No. 17.)

## B. The Amended Complaint[2]

Like the original Complaint, the Amended Complaint is submitted on the Court's complaint form for civil rights claims and again names "Jean Norbert of 609 Centerwood West Babylon NY 11704" ("Norbert") as the sole defendant.   (Id. at 1-2.)   The Statement of Claim in the Amended Complaint is largely the same as the allegations in the original Complaint and alleges, in its entirety, that:

> At my rental home at the time, 609 Centerwood Street West Babylon New York 11704 [on] October 15th 2023 at approximately 3:45 PM and January 19th 2024 at 5 PM.   On October 15th 2023, my mother Immacula Castor Sannon got hurt due to electric that I have been asking the landlord to fix. She was rushed to Good Samatrins hosptail because her blood pressure was extremely high, the EMT'S had said that is the blood pressure of someone who is pre heart attack.   Due to the neglect in the house, the town and coding department shut down the house and everyone was forced to evacuate. My families belongs was still in the house the

---

[2] All material allegations in the complaint are assumed to be true for the purposes of this Order.   See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

town said it is okay to keep them in the house until we [ends here].

(Id. at ¶ III.A.-C.)   In the space on the form complaint that calls for the basis for this Court's jurisdiction, Plaintiffs checked the box to allege that their claims are brought "against Federal officials (a Bivens claim)" rather than Section 1983 and Plaintiffs allege:

> The landlord held hostage all my stuff and my families stuff, including a car and many more items of value. The things that were confacadiated were confiscated after the locals authorities closed the door. The defendent confacadiated my belongs along so my family belongs, also bringing emotional damage and physical damage for about a year now.

(Id. at II. A-D.)

## II.   LEGAL STANDARDS

### A.   Leave to Proceed IFP

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted).   The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system.   Davis v. NYC Dep't of Educ., 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hosps. Corp., 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)).   The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)).

### B. Dismissal Under the IFP Statute

The IFP statute requires a district court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Harrington v. Cnty. of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 79 (2009). Nevertheless, a complaint or amended complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### C. Pro Se Status

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read a plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Gerstenbluth v. Credit Suisse Securities *(USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); see also FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief

5

that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

### D. Section 1983 and Bivens Claims

Section 1983 provides in relevant part that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. As the Court made clear in the October 8, 2024 Order,

> Section 1983 'is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.' Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); see Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). 'To state a claim under § 1983, a plaintiff must allege two elements: (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law.' Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87-88 (2d Cir. 2015) (cleaned up),

(ECF No. 15 at 4.) Critically, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted)). Bivens claims are the federal analog to Section 1983 claims. See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971); Shue v. United States, 466 F. App'x 51, 51 (2d Cir. 2012)

6

("constitutional claims against federal officials are properly analyzed as claims pursuant to Bivens . . . rather than 42 U.S.C. § 1983"). Bivens claims require a defendant to act under color of federal law. See Lettieri v. Dep't of Just., No. 23-CV-699, 2024 WL 1094984, at *1 (W.D.N.Y. Mar. 13, 2024), appeal dismissed sub nom. Lettieri v. United States Dep't of Just., No. 24-761, 2024 WL 4337009 (2d Cir. June 17, 2024) ("But regardless of whether the claims are properly construed as *Bivens* or section 1983 claims, the analysis and result are the same: Because section 1983 requires a defendant to act under color of state law, *see* 42 U.S.C. § 1983, and because *Bivens* requires the same under federal law, this action's outcome does not change based on its cause of action.") citing Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987) ("Courts of Appeals have held that section 1983 concepts of state action apply in determining whether action was taken 'under color of federal law' for *Bivens* purposes . . . ." (citation omitted)).

### III.   DISCUSSION

#### A.   Immacula, Scherly, and Mency's IFP Applications are Granted

Upon review of the declarations in support of applications to proceed IFP filed by Immacula, Scherly, and Mency, the Court finds their respective financial status as reported in their applications, qualify them to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, these motions to proceed IFP (ECF Nos. 18-20) are granted.

#### B.   The Section 1983 and Bivens Claims are Dismissed

Although Plaintiffs checked the box on the form to allege that their claims arise solely under Bivens, in light of the Court's obligation to liberally construe pro se filings, the Court construes the Amended Complaint as asserting both Section 1983 and Bivens claims.

7

The sole defendant in this case, Norbert, is alleged to be the landlord of the subject premises, a private party.  (Am. Compl. at ¶¶ II.B.; III.C.)  Plaintiffs, despite being afforded the opportunity to allege facts suggesting that the challenged conduct was undertaken by a state actor or in joint action with a state actor, fail to include any such allegations in the Amended Complaint and do not plausibly allege the first prong of a Section 1983 claim.  Nor are there any facts alleged from which the Court could reasonably construe federal action in support of a Bivens claim.  Thus, this claim fails as well.

It is well-established that "the United States Constitution regulates only the Government, not private parties."  Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002).  Private actors may, however, act under the color of state law for purposes of Section 1983 if they were a "willful participant in joint activity with the State or its agents."  Id. at 324 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)).  Liability under Section 1983 may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights.  Id. at 323-24.  "To establish joint action, a plaintiff must show that the private citizen and the state official shared a common unlawful goal; the true state actor and the jointly acting private party must agree to deprive the plaintiff of rights guaranteed by federal law."  Anilao v. Spota, 774 F. Supp. 2d 457, 498 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).  Alternatively, to show a conspiracy between a private actor and the state or its agents, a plaintiff must show: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act in furtherance of that goal causing damages."  Ciambriello, 292 F.3d at 324-25.

Here, Plaintiffs have not plausibly alleged that Norbert is a state actor or federal actor.

8

Moreover, Plaintiffs include no factual allegations from which the Court could reasonably construe state or federal action by Norbert through joint action or a conspiracy with a state or federal actor to deprive Plaintiffs of their constitutional rights. Accordingly, Plaintiffs' Section 1983 and Bivens claims are dismissed under 28 U.S.C. § 1915(e)(2)(B).

### C. State Law Claims

This Court may exercise supplemental jurisdiction over claims "that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the Court "may decline to exercise supplemental jurisdiction over a claim" once it "has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Given the absence of a plausible federal claim here, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction over any potential remaining state law claims that may be reasonably construed from the Amended Complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in the Amended Complaint and any such claims are dismissed without prejudice.

### D. Leave to Amend

Federal Rule of Civil Procedure Rule 15(a)(2) provides that a party shall be given leave

to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). "[W]hen addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); see also Nielsen v. Rabin, 746 F.3d 58 (2d Cir. 2014); Grullon v. City of New Haven, 720 F.3d 133, 139-40 (2d Cir. 2013) (accord). At the same time, a district court may deny a pro se plaintiff leave to amend when amendment would be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Here, the Court has carefully considered whether to grant Plaintiffs leave to further amend their complaint. Given that Plaintiffs have disregarded the clear guidance set forth in the October 8, 2024 Order, and have largely repeated the same allegations that were alleged in the original Complaint, leave to further amend would be futile. Even upon a most generous reading, Plaintiffs' Amended Complaint gives no indication that a valid federal claim may be stated. And, given that the parties are all alleged to reside in New York, whether Plaintiffs' could satisfy the diversity of citizenship requirement in this Court for the state law claims is dubious at best. See 28 U.S.C. § 1332. Accordingly, leave to file a second amended complaint is denied.

### IV.   CONCLUSION

For the forgoing reasons, Immacula, Scherly, and Mency's applications at ECF Nos. 18-20 to proceed IFP are GRANTED; the federal claims asserted in the Amended Complaint at ECF No. 17 are DISMISSED; and any potential state law claims that may be construed from the Amended Complaint are DISMISSED WITHOUT PREJUDICE.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment accordingly and to mail a copy of this Memorandum & Order with the judgment to Plaintiffs at their address of record and note such mailing on the docket.

**SO ORDERED.**

Dated:   January 28, 2025
            Central Islip, New York

                                                                        /s/ (JMA)
                                                            JOAN M. AZRACK
                                                            UNITED STATES DISTRICT JUDGE